1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11
     UNITED STATES OF AMERICA,                Case No. CV 08-2740 PA (CWx)
12
                    Plaintiff,                SELF-REPRESENTATION ORDER
13
            v.
14
     PEYMON MOTTAHEDEH,
15
                    Defendant.
16

17

18          One or more of the parties to this action has elected to appear <u>pro se</u>.  Persons

19   appearing before this Court are not required to retain the services of a lawyer or obtain the

20   advice of counsel.  Individual litigants may represent themselves <u>pro se</u>, but corporations

21   and associations must be represented by counsel.  <u>See</u> <u>Church of the New Testament v.</u>

22   <u>United States</u>, 783 F.2d 771, 773 (9th Cir. 1986) (unincorporated associations); <u>In re</u>

23   <u>Highley</u>, 459 F.2d 554, 555 (9th Cir. 1972) (corporations).  In addition, non-attorney

24   litigants may not represent other individual litigants or trusts for which they serve as trustee.

25   <u>See</u> <u>Johns v. County of San Diego</u>, 114 F.3d 874, 876 (9th Cir. 1997) (minor children); <u>C.E.</u>

26   <u>Pope Equity Trust v. United States</u>, 818 F.2d 696, 697-98 (9th Cir. 1987) (trust); <u>McShane</u>

27   <u>v. United States</u>, 366 F.2d 286, 288 (9th Cir. 1996) (other litigants).  A partner may not

28

1   represent his or her own interest in a partnership pro se, and a sole shareholder may not

2   represent a corporation.  See In re Am. West Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994)

3   (per curiam) (partner); United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245

4   (9th Cir. 1993) (per curiam) (shareholder).

5           Proceeding pro se is not without its pitfalls, and this Court wishes to make those

6   pitfalls known at the outset of this proceeding:

7           ●        Generally speaking, non-attorney litigants are less likely to be victorious than

8                    those assisted by counsel.

9           ●        The opposing party may have a lawyer, and that lawyer will show you no

10                   mercy.  That lawyer's duty is to achieve victory for his or her client.  He or she

11                   will take every step legally permissible to that end.

12          ●        The Court is a neutral adjudicator of the law. The role of the judge is to

13                   resolve disputes arising between the parties in accordance with the law. As

14                   such, the judge cannot assist you, cannot answer your legal questions, and

15                   cannot take sides in the dispute. Nor can any members of the judge's staff.

16          ●        You will be proceeding alone in a complex area where experience and

17                   professional training are greatly desired.

18          Simply put, when you elect to proceed pro se, you are on your own and become

19   personally responsible for litigating your action in accordance with the rules.  Practice in the

20   federal courts is governed by the Federal Rules of Civil Procedure.  You **must** become

21   familiar with these rules.  You will be held to the same standards as a lawyer as far as

22   complying with court procedures and the rules and regulations of the court system.

23          As litigating an action in federal court often requires a great deal of time, preparation,

24   knowledge, and skill, this Court highly recommends against proceeding without the

25   assistance of counsel.  Some attorneys will represent clients on a contingency fee basis,

26   whereby the fees associated with representation are subtracted from a judgment in favor of

27

28

-2-

1 the client.[1]  However, should you wish to continue without counsel – fully understanding

2 the risks – you are hereby ordered to carefully review the remainder of this Order, as it

3 contains instructions for proceeding in this Court which **must** be followed.

4 This Order, while not comprehensive – and not a substitute for fully familiarizing

5 yourself with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local

6 Rules of Practice for the United States District Court for the Central District of California,

7 the orders of this Court, including the Court's Standing Order, Scheduling Order, and Civil

8 Trial Order, as well as federal and state case law applicable to this action – is intended to

9 bring certain aspects of law and motion practice to your attention at an early stage in the

10 litigation to remedy problems commonly associated with pro se pleadings.[2]

11 **Communications with Chambers:**  Pursuant to Local Rule 83-2.11, parties **shall**

12 **refrain** from writing letters to the judge, making telephone calls to chambers, or otherwise

13 communicating with a judge unless opposing counsel is present.  You may contact the

14 Courtroom Deputy, at (213) 894-1795, with appropriate inquiries.  The Courtroom Deputy is

15 **not** an attorney, and will not provide you with any legal advice.  The Courtroom Deputy

16 cannot waive any of the requirements of this, or any other, Order.  Should you wish to bring

17 any matter to the attention of the Court, you **must** do so in writing, and file it and serve it on

18 the opposing party.

19 **Jurisdiction:**  The Federal Rules of Civil Procedure require that a pleading that states

20 a claim for relief must contain "a short and plain statement of the grounds for the court's

21 jurisdiction . . . ."  Fed. R. Civ. P. 8(a)(1).  This District's Local Rules further provide that

22 "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly

23 stated in . . . any document invoking this Court's jurisdiction."  Local Rule 8-1.  A copy of

24

25 [1]     The Los Angeles County Bar Association Lawyer Referral and Information Services
may be able to refer you to a lawyer who may or may not be willing to take your case on a
26 contingency basis.  The lawyer referral service may be reached at (213) 243-1525.

27 [2]     This Court's orders and the Local Rules of Practice for the United States District
Court for the Central District of California are available on the district court's website:
28 www.cacd.uscourts.gov

1  Fed. R. Civ. P. 8 is attached.

2      **This is extremely important.**  Unlike state courts, federal courts are not courts of

3  general jurisdiction, and can only preside over matters authorized by the Constitution and

4  Congress.  Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326,

5  1331, 89 L. Ed. 2d 501 (1986).  In other words, the party filing the action must **prove** to the

6  Court that jurisdiction over the action exists **before** the Court can reach the merits of the

7  complaint.  See Smith v. McCullough, 270 U.S. 456, 459, 46 S. Ct. 338, 339, 70 L. Ed. 682

8  (1926) (A "plaintiff, suing in federal court, must show in his pleading, affirmatively and

9  distinctly, the existence of whatever is essential to federal jurisdiction . . . .").

10      Federal jurisdiction may be alleged either pursuant to 28 U.S.C. section 1331 for

11  actions "arising under the Constitution, laws, or treaties of the United States," otherwise

12  known as "federal question" jurisdiction, or 28 U.S.C. section 1332 as an action "between

13  citizens of different States," otherwise known as "diversity" jurisdiction.

14      To allege federal question jurisdiction, the complaint should identify which right(s)

15  the plaintiff(s) claim have been violated, and which law, statute, or constitutional

16  amendment provides that right.  See Keniston v. Roberts, 717 F.2d 1295, 1298 (9th Cir.

17  1983).

18      Diversity jurisdiction has **two** requirements.  First, diversity jurisdiction requires

19  complete diversity of citizenship, that is, all plaintiffs must have a different citizenship from

20  all defendants.  See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.

21  Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  Residence and citizenship are distinct concepts,

22  with significantly different jurisdictional ramifications:  "[i]n order to be a citizen of a State

23  within the meaning of the diversity statute, a natural person must both be a citizen of the

24  United States and be domiciled within the State."  Newman-Green, Inc. v. Alfonzo-Larrain,

25  490 U.S. 826, 828, 109 S. Ct. 2218, 2221, 104 L. Ed. 2d 893 (1989).  "A person's domicile

26  is her permanent home, where she resides with the intention to remain or to which she

27  intends to return.  A person residing in a given state is not necessarily domiciled there, and

28  thus is not necessarily a citizen of that state."  Kanter v. Warner-Lambert Co., 265 F.3d 853,

1   857 (9th Cir. 2001) (citations omitted).  Corporations are citizens of both their state of

2   incorporation and the state in which they have their principal place of business. 28 U.S.C.

3   § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th

4   Cir. 1989).  Unincorporated associations are citizens of the states of each member.  See Fifty

5   Associates v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1190 (9th Cir. 1970).  Second,

6   when jurisdiction is based on diversity of citizenship, district courts do not have original

7   jurisdiction unless a party alleges an amount in controversy exceeding $75,000.  28 U.S.C.

8   § 1332(a).

9         Finally, you should understand that it is **insufficient** for a party to merely claim that

10   jurisdiction exists.  Sufficient **facts** must be alleged to allow the Court to assess whether it

11   has jurisdiction over the action.

12         **Service:**  Service is the formal delivery of a legal pleading.  The Federal Rules of

13   Civil Procedure have different requirements for service to be effective depending on the type

14   of entity to be served:  service on an individual within the United States is governed by

15   Fed. R. Civ. P. 4(e), corporations and associations must be served in conformity with Rule

16   4(h), the United States and it agencies must be served pursuant to Fed. R. Civ. P. 4(i), and

17   state and local governmental units require service under Fed. R. Civ. P. 4(j).

18         Time limits for service of the complaint are set forth in Fed. R. Civ. P. 4(m).  It is

19   important to promptly and  properly serve the opposing party, especially with the summons

20   and complaint when initiating an action, because **failure to serve within the time limits**

21   **specified by the Federal Rules may result in the dismissal of your action for lack of**

22   **prosecution.**  You **must** always inform the Court whenever you serve a filing on an

23   opposing party; this is done by filing a proof of service. See Fed. R. Civ. P. 4(l).

24         **Discovery:**  Discovery is the mechanism by which the parties to an action collect

25   evidence relating to the case from one another.  Certain information is expected to be

26   provided to the other side without a request. See Fed. R. Civ. P. 26(a).  If the other side

27   seeks to obtain discovery from you, you must cooperate and provide the information sought

28   "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."

1 Fed. R. Civ. P. 26(b)(1).  The principal forms of discovery envisioned by the Federal Rules

2 are the production and inspection of documents, requests for admissions, depositions and

3 interrogatories.  Discovery disputes are resolved by, and should be brought to the attention

4 of, the magistrate judge assigned to the action.  Discovery should begin early in the litigation

5 and may commence prior to the Scheduling Conference.

6 **Motions:**  Motions are requests to this Court to make a specified ruling or order.  The

7 opposing party may file a motion to dismiss your action, pursuant to Fed. R. Civ. P. 12, or a

8 motion for summary judgment pursuant to Fed. R. Civ. P. 56.  If the opposing party files and

9 serves a motion on you, you **must** oppose it if you disagree with the requested relief.

10 **Failure to oppose an otherwise properly supported motion may result in the Court**

11 **granting that motion.**  <u>See</u> Local Rule 7-12.  **Depending on the motion, this <u>may result</u>**

12 **<u>in the dismissal</u> of your case.**

13 To oppose a motion, you **must** present the Court with a statement explaining the

14 basis of your opposition and the legal authority supporting your contentions.  You **must** also

15 file any evidence upon which you intend to base your opposition to a motion for summary

16 judgment.  Pursuant to Local Rule 7-9, your opposition is due **not later** than fourteen (14)

17 days before the date designated for the hearing of the motion.  If you need additional time to

18 oppose the motion, you **must** file and serve an <u>ex parte</u> application requesting an extension

19 of time **prior** to the date on which your opposition is due, and must demonstrate that the

20 additional time you seek is warranted and that the requested extension is not a crisis of your

21 creation, thus precluding you from seeking <u>ex parte</u> relief.  <u>See</u> <u>Mission Power Eng'g Co. v.</u>

22 <u>Continental Cas. Co.</u>, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

23 **Motion to Dismiss:**  A Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state

24 a claim tests the legal sufficiency of the claims asserted in the complaint.  A dismissal under

25 Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory" or

26 "the absence of sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v.</u>

27 <u>Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  For a complaint to survive a motion

28 to dismiss, it must contain "only enough facts to state a claim to relief that is plausible on its face."

-6-

1   Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974, __ L. Ed. 2d __ (2007)

2   When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in

3   the complaint as true and construe them in the light most favorable to the non-moving party.

4   See Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994).  However, the Court is not bound

5   to assume the truth of legal conclusions merely because they are stated in the form of factual

6   allegations.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

7   Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material

8   facts in support of the allegations.  See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d

9   578, 583 (9th Cir. 1983).  A copy of Fed. R. Civ. P. 12 is attached.

10          **Motion for Summary Judgment:**  Summary judgment may be granted when there

11  are no material facts in dispute between the parties, making a trial unnecessary.  To resist

12  summary judgment under Fed. R. Civ. P. 56, you **must** submit affidavits or other

13  documentary evidence, such as depositions and answers to interrogatories, which set forth

14  specific facts showing there is a genuine issue for trial.  Klingele v. Eikenberry, 849 F.2d

15  409, 411-12 (9th Cir. 1988).  Failure to do so may result in the entry of summary judgment

16  against you.  You should also note that Rule 56(e) requires that affidavits or declarations

17  shall be made on personal knowledge, set forth facts that are admissible as evidence, and

18  show affirmatively that the affiant is competent to testify to the matters stated therein.  A

19  copy of Fed. R. Civ. P. 56 is attached.  **Should you fail to contradict the moving party**

20  **with counter-affidavits, declarations or other evidence, the moving party's evidence**

21  **may be taken as the truth, and final judgment may be entered against you without a**

22  **trial, thus ending your case.**  Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

23          To effectively address a summary judgment motion, you should be aware of, and

24  familiar with, the following United States Supreme Court cases on summary judgment:

25  Celotex v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Anderson v.

26  Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Matsushita

27

28

1   Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538

2   (1986).

3            IT IS SO ORDERED.

4       DATED: August 18, 2008

5                                                      _____

                                                              Percy Anderson
                                                      UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Rule 8.  General Rules of Pleading**

(a)    Claim for Relief. A pleading that states a claim for relief must contain:
-    (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
-    (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and
-    (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

(b) Defenses; Admissions and Denials.
-    (1)    In General. In responding to a pleading, a party must:
     -    (A)    state in short and plain terms its defenses to each claim asserted against it; and
     -    (B)    admit or deny the allegations asserted against it by an opposing party.
-    (2)    Denials--Responding to the Substance. A denial must fairly respond to the substance of the allegation.
-    (3)    General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
-    (4)    Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
-    (5)    Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.
-    (6)    Effect of Failing to Deny. An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

(c) Affirmative Defenses.
-    (1)    In General. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:
     - accord and satisfaction;
     - arbitration and award;
     - assumption of risk;
     - contributory negligence;
     - discharge in bankruptcy;
     - duress;
     - estoppel;
     - failure of consideration;
     - fraud;
     - illegality;
     - injury by fellow servant;
     - laches;

- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver.

    (2)    Mistaken Designation. If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.

(d)    Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

    (1)    In General. Each allegation must be simple, concise, and direct. No technical form is required.

    (2)    Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

    (3)    Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

(e)    Construing Pleadings. Pleadings must be construed so as to do justice.

**Rule 12. Defenses and Objections:  When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waving Defenses; Pretrial Hearing**

(a)     Time to Serve a Responsive Pleading.
    (1)     In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
        (A)     A defendant must serve an answer:
            (i)     within 20 days after being served with the summons and complaint; or
            (ii)     if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.
        (B)     A party must serve an answer to a counterclaim or crossclaim within 20 days after being served with the pleading that states the counterclaim or crossclaim.
        (C)     A party must serve a reply to an answer within 20 days after being served with an order to reply, unless the order specifies a different time.
    (2)     United States and Its Agencies, Officers, or Employees Sued in an Official Capacity. The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.
    (3)     United States Officers or Employees Sued in an Individual Capacity. A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.
    (4)     Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
        (A)     if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action; or
        (B)     if the court grants a motion for a more definite statement, the responsive pleading must be served within 10 days after the more definite statement is served.

(b)     How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
    (1)     lack of subject-matter jurisdiction;
    (2)     lack of personal jurisdiction;
    (3)     improper venue;
    (4)     insufficient process;
    (5)     insufficient service of process;
    (6)     failure to state a claim upon which relief can be granted; and
    (7)     failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c)    Motion for Judgment on the Pleadings. After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.

(d)    Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e)    Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

(f)    Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
    (1)    on its own; or
    (2)    on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

(g)    Joining Motions.
    (1)    Right to Join. A motion under this rule may be joined with any other motion allowed by this rule.
    (2)    Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h)    Waiving and Preserving Certain Defenses.
    (1)    When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:
        (A)    omitting it from a motion in the circumstances described in Rule 12(g)(2); or
        (B)    failing to either:
            (i)    make it by motion under this rule; or
            (ii)    include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

       (2)      When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

              (A)     in any pleading allowed or ordered under Rule 7(a);

              (B)     by a motion under Rule 12(c); or

              (C)     at trial.

       (3)      Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i)     Hearing Before Trial. If a party so moves, any defense listed in Rule 12(b)(1)-(7)--whether made in a pleading or by motion--and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

## Rule 56. Summary Judgment

(a)     By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:
    (1)    20 days have passed from commencement of the action; or
    (2)    the opposing party serves a motion for summary judgment.

(b)     By a Defending Party. A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

(c)     Serving the Motion; Proceedings. The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

(d)     Case Not Fully Adjudicated on the Motion.
    (1)    Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.
    (2)    Establishing Liability. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

(e)     Affidavits; Further Testimony.
    (1)    In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
    (2)    Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

(f)     When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

   (1)  deny the motion;

   (2)  order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

   (3)  issue any other just order.

(g)  Affidavit Submitted in Bad Faith. If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.