SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–2740 PA (CWx) | Date | August 22, 2008 |
|---|---|---|---|
| Title | United States of America v. Peymon Mottahedeh | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Karen Park | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:**          IN CHAMBERS – COURT ORDER

Before the Court is an motion to continue ("Motion to Continue") (Docket No. 11), filed by pro se defendant Peymon Mottahedeh ("Defendant"), in which he seeks to postpone the hearing date on the United States of America's ("Government") motion for summary judgment.[1/] Also before the Court is Defendant's motion to suppress evidence ("Motion to Suppress") (Docket No. 14). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

In this action, the Government seeks to collect delinquent taxes, interest, and penalties from Defendant. In his Motion to Continue, Defendant argues that, as a pro se litigant, he has not had time to prepare an opposition to the Government's motion for summary judgment because the Government "rushed this case along" by filing the motion for summary judgment on the same day that Defendant filed his answer. (Mot. to Continue 1.) Defendant also argues that he needs to know the disposition of his Motion to Suppress before preparing an opposition. (Id. at 2.) Therefore, Defendant seeks to have the hearing on the Government's motion for summary judgment continued until "such a time Defendant's [sic] Motion to Suppress Evidence in Support of Plaintiff's Motion for Summary Judgment, and Plaintiff's Motion for Summary Judgment, is fully briefed." (Id. at 2–3.)

The decision whether to grant a continuance is in the discretion of the trial judge, and depends on the facts of each case. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S. Ct. 841, 849, 11 L. Ed. 921 (1964).

---

[1/]    The Court notes that Defendant did not set these motions for hearing as required under Local Rule 7-4. Moreover, it does not appear that Defendant conducted a meet-and-confer conference as required under Local Rule 7-3. Defendant's motions were not styled as ex parte applications, but even if they had been, they are still procedurally defective. Pursuant to Local Rule 7-19.1, a party filing an ex parte application must give the opposing party advance notice of the application, and must inform the Court if the opposing party opposes it. Defendant did not do so here. While the Court has considered Defendant's motions, Defendant is cautioned that further violations of the Local Rules or the Court's Orders may result in the imposition of sanctions.

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08–2740 PA (CWx) | Date | August 22, 2008 |
|---|---|---|---|
| Title | United States of America v. Peymon Mottahedeh | | |

The Ninth Circuit considers four factors in determining whether a district court abused its discretion in denying a motion to continue:  (1) whether the appellant was diligent; (2) how likely it is that the need for a continuance could have been met if the continuance had been granted; (3) the extent to which granting the continuance would inconvenience the court, opposing parties, and witnesses; and (4) the extent to which the appellant might have suffered harm as a result of the district court's denial of the continuance.  United States v. 2.61 Acres of Land, 791 F.2d 666, 671 (9th Cir. 1985).

  Here, Defendant is pro se and had just over two weeks after filing his answer to prepare an opposition to the Government's motion for summary judgment.  There is no indication that he has not been diligent.  He requests additional time to review the Government's motion and evidence and prepare an opposition once he knows of the disposition of his Motion to Suppress.  Granting the continuance will therefore meet Defendant's need for additional time.  There is no indication that a reasonably brief continuance would inconvenience the Court, any witnesses, or the parties.  In its Opposition to Defendant's Motion to Continue, the Government does not assert that it would suffer any prejudice if a continuance was granted.  Finally, if the Court denied Defendant's Motion to Continue, Defendant might claim that he was prejudiced due to lack of time to oppose the Government's motion for summary judgment.  Accordingly, Defendant's Motion to Continue is granted.

  In his Motion to Suppress, Defendant seeks to suppress, pursuant to Federal Rule of Civil Procedure 37(c), documents[2] submitted by the Government in support of its motion for summary judgment.  Defendant also seeks to strike these documents, and the motion for summary judgment itself, pursuant to Federal Rule of Civil Procedure 12(f).  Defendant asserts that suppressing and/or striking the documents, and striking the motion for summary judgement, is appropriate because the Government failed to disclose the supporting documents through initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).

  Under Rule 26(a)(1)(A)(ii), a party must provide copies of "all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]"  "If a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence on a motion[.]"  Fed. R. Civ. P. 37(c)(1).  However, Rule 26(a) disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order[.]"  Fed. R. Civ. P. 26(a)(1)(C).  Here, no 26(f) scheduling conference has been held, or even scheduled.  There is no stipulation or court order requiring initial disclosures to be made before the scheduling conference.  Therefore, the Government was under no obligation to make initial disclosures prior to filing its motion for summary judgment.  Accordingly,

---

  [2] In particular, Defendant seeks to suppress or strike certified official records of tax assessments against Defendant for the years 1992, 1993, and 1994.  (Def.'s Mot. for Summ. J., Ex. A–C.) He also seeks to suppress or strike a certified liability assessment showing the total amount owed for 1992–1994.  (Def.'s Mot. for Summ. J., Ex. D.)

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–2740 PA (CWx) | Date | August 22, 2008 |
|---|---|---|---|
| Title | United States of America v. Peymon Mottahedeh | | |

Defendant's Motion to Suppress and/or strike the Government's supporting documents, and to strike the Government's motion for summary judgment, is denied.

      The hearing on the Government's motion for summary judgment is continued to September 15, 2008 at 1:30 p.m. Defendant's Opposition shall be filed and served no later than September 2, 2008. The Government's Reply, if any, shall be filed and served no later than September 8, 2008. Defendant's Motion to Suppress is denied.

      IT IS SO ORDERED.

_____ : _____

Initials of Preparer    _____