FILED
CLERK, U.S. DISTRICT COURT

SEP - 8 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
--WESTERN DIVISION--

UNITED STATES OF AMERICA,    )
                              )
    Plaintiff,                )
                              )
    -vs-                      )
                              )
PEYMON MOTTAHEDEH,            )
                              )
    Defendant.                )   Case No. **CV 08-02740 – PA (CWx)**
                              )

## DEFENDANT'S BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT REDUCING TAX ASSESSMENTS TO JUDGMENT

COMES NOW Defendant *pro se* Peymon Mottahedeh ("Mottahedeh"), and hereby opposes the United States of America's Motion for Summary Judgment Reducing Tax Assessments to Judgment.

### Introduction:

In support of its motion for summary judgment, Plaintiff United States of America (hereinafter, "IRS") has provided three documents purporting to be "Certificate of Assessments, Payments, and Other Specified Matters" (IRS Forms 4340), for tax years 1992, 1993 and 1994, respectively (Plaintiff's Exhibits A, B, and C); and a document purported to be a "Liability Statement" (Plaintiff's Exhibit D).

The IRS also relies upon an opinion of the United States Tax Court which affirmed purported <u>deficiencies</u> against Defendant Peymon Mottahedeh ("Mottahedeh"). Said Tax Court decision was upheld by the United States Court of Appeals for the Ninth Circuit. Nonetheless, the IRS never established that lawful and legitimate <u>assessments</u> were made against Mottahedeh. Whether legitimate assessments were ever made, has not been established in the record, save bald allegations which have not been stipulated to. Therefore, the IRS has failed to meet its burden of proof.

The IRS' three Certificates of Assessments and Payments were never provided to Mottahedeh until the IRS filed its Motion for Summary Judgment, the same day that Mottahedeh filed his Answer. By failing to provide initial disclosures and noncompliance with Rule 16, regarding pretrial conferences, the IRS made an "end run" around Federal Rules of Civil Procedure Rules 26 and 37 which, in combination, would otherwise exclude the IRS' Exhibits A, B, C and D.

**The three Forms 4340 that the IRS relies upon to establish the existence of tax liabilities owing by Mottahedeh contain many defects.**

The IRS, in its Motion for Summary Judgment at page 6 stated:

"[I]t is well established that absent clear evidence to the contrary, an Official Record, such as a Certificate of Assessments and Payments, establishes the validity of a tax assessment. * * * Here, by submitting the Certificate of Assessments and Payments, the government has established a prima facie case...."

Certificate of Assessments and Payments (Forms 4340) are "routinely used

to prove that tax assessment[s] ha[ve] in fact been made," *Geiselman v. United States*, 961 F.2d 1, 6 (1st. Cir), cert. denied, 506 U.S. 891 (1992), and are deemed presumptive proof of a valid assessment. See *Huff v. U.S.*, 10 F.3d 1440, 1445 (9th Cir. 1993). Nevertheless, these Forms 4340, supplied as exhibits in support of the Government's Motion for Summary Judgment, must meet the minimal evidentiary threshold required for the presumption of correctness to attach. See *U.S. v. Stonehill*, 702 F.2d 1288, 1293.

In this case, the IRS' Forms 4340 proffered by the Government indicate that no Notices of Deficiency were sent to Mottahedeh for all the tax years in question (1992, 1993 and 1994). Consequently, if the Forms 4340's are correct, then no liabilities exist, as a matter of law, which could give rise to statutory liens. Without valid statutory liens, this Court lacks subject matter jurisdiction.

If the Forms 4340 pertaining to these tax years are correct—that no Notices of Deficiency were mailed to Mottahedeh—the assessment process was defective and void *ab initio*. Conversely, if Notices of Deficiency were indeed sent out, then the Forms 4340 do not constitute competent evidence, because they contain false information: *falsus in uno, falsus in omnibus*.[1] Even the certification of the Forms 4340 stating "*the foregoing transcript of the taxpayer named above in respect to the taxes specified is a true and complete transcript for the period stated...*" is

false. As such, the IRS has failed to meet its burden of proof.

### The IRS' "Liability Statement" is not an exception to the hearsay rule.

The IRS' "Liability Statement" (Exhibit D) is not competent evidence. It is not a document made in the normal course of business. The document is not contemporaneous to any information or documents which it purports to evidence. The document is not attested, and the name of the individual that generated the document is unknown. The "Liability Statement" does not even indicate which documents it is a summary of. Because the Forms 4340 (Plaintiff's Exhibits A, B and C) either contain false information or provide proof that no statutory liens exist; and because the IRS' "Liability Statement" is hopelessly hearsay, the has failed to make a prima facie case or otherwise meet its burden of proof.

### Statutory tax liens cannot arise in the absence of being given proper notice of deficiency; and the IRS' Forms 4340 do not indicate this took place.

Whether Mottahedeh has been given Notices of Deficiency is a necessary material fact which the IRS has failed to establish. IRC § 6212 states, in relevant part:

> *§ 6213 (a)* **In general**
> *If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and*

---

[1] **Falsus in uno, falsus in omnibus,** "false in one thing, false in everything." Pliny the Elder attributes this legal maxim to Apelles, an ancient Greek artist.

*phone number of the appropriate office.*

We see that the law requires the Notices of Deficiency be sent by certified or registered mail.

IRC § 6213 states, in relevant part:

> *§ 6213. Restrictions applicable to deficiencies; petition to Tax Court*
> *(a) Time for filing petition and restriction on assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852 or 6861,* **no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and <u>no levy or proceeding in court for its collection shall be made</u>, begun, or prosecuted until such notice has been mailed to the taxpayer,** *nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.* [Emphasis added]

Surely such an important detail like sending out Notices of Deficiency by certified mail is a fact which competent IRS Forms 4340 must record. Attached is a sample IRS Form 4340 that contains just this necessary information: that Notice of Deficiency was properly served (in that case) upon the Taxpayer. See Defendant's Exhibit 1.[2]

**Because the IRS' evidence is totally incompetent, discovery must take place.**

The IRC imposes a requirement upon the IRS to send Notices of Deficiency *and* Notices of Intent to Levy, to taxpayers. The IRS' evidence appears to show

that Notices of Intent to Levy were sent to Mottahedeh, the IRS failed to send Notices of Deficiency to Mottahedeh, hence the IRS' alleged statutory liens on Mottahedeh are all void, as a matter of law.

### Alleged Penalties.

The Forms 4340 regarding the penalties assessed against Mottahedeh for tax years 1992, 1993 and 1994 are defective, in that they do not contain the necessary information to show that they were lawfully made against Mottahedeh. IRC § 6751 states in relevant part:

> *§ 6751. Procedural requirements*
> *(b) Approval of assessment*
> *(1) In general*
> *No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.*

Conspicuously absent in the Form 4340 pertaining to the penalties imposed against Mottahedeh for all three tax years in question, is any indication that any supervisor approved the making of any of the penalties assessed. This lack of essential information too, results in a failure of the IRS to meet its burden of proof. Therefore, any alleged lien arising from these improper penalty assessments, renders them void. Consequently, summary judgment should be denied on this count, and this matter dismissed for the want of subject matter jurisdiction

---

[2] Personal information, such as the Social Security Account Number, has been redacted, of course.

WHEREFORE, Defendant Peymon Mottahedeh that this court (1) deny the Plaintiff's Motion for Summary Judgment, and (2) dismiss this action for lack of subject matter jurisdiction.

Respectfully submitted this __4__ day of September, 2008.

*[signature]*

Peymon Mottahedeh
9582 Buttemere Rd.
Phelan, California 92371

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of:

1. DEFENDANT'S BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT REDUCING TAX ASSESSMENTS TO JUDGMENT; and,

2. CERTIFICATE OF SERVICE;

to Thomas D, Coker, Assistant United States Attorney, Tax Division, Room 7211, Federal Building, 300 North Los Angeles Street, Los Angeles, California, 90012, by first class U.S. Mail, with sufficient postage affixed, this 4 day of September, 2008, The above listed documents pertain to Case No. CV 08-02740 – PA (CWx).

*[signature]*

Peymon Mottahedeh
9582 Buttemere Rd.
Phelan, California 92371