# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08–2740 PA (CWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | United States of America v. Peymon Mottahedeh | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Karen Park | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is an motion for summary judgment ("Motion") filed by the United States of America ("Plaintiff"). (Docket No. 6.) Also before the Court is Defendant's ex parte application for the Court to consider his late-filed Opposition (Docket No. 21), and a request to appear telephonically (Docket No. 24). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing scheduled for September 15, 2008 is vacated, and the matter taken off calendar.

## I.   Background

In this action, the Government seeks to collect delinquent taxes, interest, and penalties from Peymon Mottahedeh ("Defendant"). The Internal Revenue Service ("IRS") determined deficiencies for the Defendant's federal income taxes for the taxable years 1992, 1993, and 1994. Defendant then filed a petition with the United States Tax Court for a redetermination of his tax liability for these years. The Tax Court found deficiencies in Defendant's federal income taxes for 1992, 1993, and 1994. See Mottahedeh v. Commissioner, Docket No. 10592–96. Defendant appealed to the United States Court of Appeals for the Ninth Circuit, which affirmed the Tax Court's decision. See Mottahedeh v. Commissioner, 165 F.3d 916, at *1 (9th Cir. 1998) (unpublished). Following the Ninth Circuit's decision, a delegate of the Secretary of the Treasury made assessments of delinquent federal income taxes and penalties against Defendant and gave Defendant timely notice and a demand for payment. Defendant has not yet paid the amount owing. Accordingly, Plaintiff filed its Motion to reduce the federal tax assessments to judgment pursuant to 26 U.S.C. § 6502, which authorizes the United States to commence a legal action for the enforcement of the internal revenue laws and collection of unpaid tax assessments.

## II.   Standard on Summary Judgment

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of

SEND JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–2740 PA (CWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | United States of America v. Peymon Mottahedeh | | |

demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); see also Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. See Celotex, 477 U.S. at 322, 106 S. Ct. at 2552. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. See id. at 325, 106 S. Ct. at 2554.

As required on a motion for summary judgment, the facts are construed "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. See Fed. R. Civ. P. 56(e)(2) (nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial"). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson, 477 U.S. at 249, 252, 106 S. Ct. at 2510, 2512). Otherwise, summary judgment shall be entered.

### III. Analysis

The Tax Court and Ninth Circuit already ruled that Defendant was deficient in paying his taxes in 1992, 1993, and 1994. Therefore, Defendant is precluded from relitigating the tax deficiencies for these years under the doctrine of res judicata. "'Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.' . . . The doctrine is applicable whenever there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quoting Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997)).

Here, the only issue before the Court is whether Plaintiff is entitled to have the tax assessments reduced to judgment. Plaintiff has submitted a "Certificate of Assessments, Payments and Other Specified Matters" ("Certificate") for Defendant for the years 1992 (Def.'s Ex. A), 1993 (Def.'s Ex. B), and 1994 (Def.'s Ex. C). The 1992 Certificate shows that Defendant owes "Additional Tax Assessed" in the amount of $7,491. (Def.'s Ex. A.) The 1993 Certificate shows Additional Tax Assessed in the amount of $8,146. The 1994 Certificate shows Additional Tax Assessed in the amount of $7,300.

SEND JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–2740 PA (CWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | United States of America v. Peymon Mottahedeh | | |

Plaintiff also submitted a certified Liability Statement showing Defendant's total tax liability including interest and penalties, as of May 31, 2008. (Def.'s Ex. D.) It shows that Defendant owed, as of May 31, 2008, $31,015.02 for tax year 1992, $32,165.53 for tax year 1993, and $26,869.02 for tax year 1994, for a grand total of $90,049.57.

In his Opposition,[1] Defendant raises several objections to these exhibits. First, he argues that while the Tax Court and the Ninth Circuit determined deficiencies in his taxes for 1992–94, Plaintiff never "established that lawful and legitimate assessments were made against [Defendant]." (Def.'s Opp. 2.)[2] However, absent clear evidence to the contrary, an official record such as a Certificate of Assessments, Payments, and Other Specified Matters establishes the validity of a tax assessment. Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992). Moreover, "[i]t is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court." United States v. Fior D'Italia, Inc., 536 U.S. 238, 242, 122 S. Ct. 2117, 2122, 153 L. Ed. 2d 280 (2002).

Defendant next argues that the Certificates "indicate that no Notices of Deficiency were sent to [Defendant] for all the tax years in question[.]" (Def.'s Opp. 3.) Defendant asserts that this means either that (1) the assessments are defective because he was not given notice of them, or (2) if notice was given, the Certificates themselves contain false information and thus do not "meet the minimal evidentiary threshold required for the presumption of correctness to attach." (Def.'s Opp. 3.) Defendant's argument that he may not have been given Notices of Deficiency is unavailing. First, Defendant never directly states that he did not receive the Notices of Deficiency. Furthermore, the Tax Court's jurisdiction is premised on the existence of a deficiency and the Defendant having been given notice of it. 26 U.S.C. § 6213(a). Thus, the Tax Court proceeding could not have occurred absent the Notices of Deficiency. Defendant's argument is particularly disingenuous because it is undisputed that Defendant was aware enough of the deficiencies to petition the Tax Court for a redetermination of his

---

[1] On August 13, 2008, Defendant filed a motion to continue the hearing on Plaintiff's Motion, which had originally been scheduled for August 25, 2008. Defendant, who is representing himself, asserted that he needed additional time to prepare an opposition to Plaintiff's Motion. The Court granted Defendant's motion, and ordered Defendant to file his opposition no later than September 2, 2008. Despite the additional time, Defendant waited until September 8, 2008 to file his Opposition, after mailing it on September 6. He filed an ex parte application requesting that the Court consider his Opposition "timely filed, even though it was three days late." However, Defendant failed to inform Plaintiff of the ex parte application before filing, and failed to inform the Court of whether Plaintiff opposed it, as required under Local Rule 7-19.1. Despite these transgressions, the Court grants Defendant's ex parte application, and has considered the Opposition.

[2] Defendant's Opposition lacks page numbers, in violation of Local Rule 11-3.3. The page numbers provided have been added by the Court.

SEND JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–2740 PA (CWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | United States of America v. Peymon Mottahedeh | | |

deficiencies, and to participate in proceedings before the Ninth Circuit. Defendant's argument that the Certificates contain false information and therefore are not entitled to a presumption of correctness also fails. The Certificates do not say that no Notices of Deficiency were sent to Defendant. Rather, they simply lack an entry indicating that such Notices of Deficiency were sent prior to the Ninth Circuit's ruling. (See Pl.'s Ex. A–C.) Thus, there is no indication that these exhibits are false. Moreover, the deficiencies upon which the assessments are based were already affirmed by the Tax Court and Ninth Circuit.

Defendant also argues that the Liability Statement (Pl.'s Ex. D) is hearsay. (Def.'s Opp. 4.) However, "this circuit as well as other circuits have held that IRS documents, even if generated by a computer, are admissible as public records." Hughes, 953 F.2d at 540. This document is a certified official record, submitted under the seal of the Department of Treasury. It therefore falls under a hearsay exception. See Fed. R. Evid. 803(8) (public records and reports are not excluded under the hearsay rule).

Here, Plaintiff has established a prima facie case for judgment against Defendant by submitting the Certificates and Liability Statement. United States v. Sarubin, 507 F.3d 811, 815 (4th Cir. 2007) ("Because the IRS's determination that a tax is owed is presumed correct, . . . the government can establish a prima facie case in support of the tax liability charged in the complaint [] when it introduce[s] into evidence the certified copies of the certificates of assessment.") (internal citation and quotation omitted). Defendant has failed to provide any evidence to show a genuine issue of material fact regarding Plaintiff's prima facie case. Accordingly, Plaintiff's Motion is granted.

## Conclusion

For all the foregoing reasons, Defendant's ex parte application for the Court to consider his Opposition as timely is granted. Defendant's request to appear telephonically is denied as moot. Plaintiff's Motion for Summary Judgment is granted. The Court will issue a judgment consistent with this Order.

IT IS SO ORDERED.

:

Initials of Preparer