SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08–2740 PA (CWx) | Date | October 9, 2008 |
|---|---|---|---|
| Title | United States of America v. Peymon Mottahedeh | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

        None                                                                                  None

**Proceedings:**          IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Reconsideration ("Motion") filed by pro se defendant Peymon Mottahedeh ("Defendant") (Docket No. 30). Defendant challenges the Court's August 22, 2008 Order ("Order") denying Defendant's motion to suppress evidence.

In this action, the United States of America ("Government" or "Plaintiff") seeks to collect delinquent taxes, interest, and penalties from Defendant. After the Government filed a motion for summary judgment to reduce the tax assessments to judgment, Defendant filed a motion seeking to suppress documents[1] submitted by the Government in support of its motion for summary judgment. Defendant also sought to strike these documents, and the motion for summary judgment itself. Defendant asserted that suppressing and/or striking the documents, and striking the motion for summary judgement, was appropriate because the Government failed to disclose the supporting documents through initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). The Court denied Defendant's motion in a August 22, 2008 Order because no scheduling conference had yet been scheduled, and therefore the Government was not obligated to have provided initial disclosures at the time it filed its motion for summary judgment. Defendant now seeks reconsideration of that Order.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); see also McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). Local Rule 7-18 further provides that a party may bring a motion for reconsideration only by demonstrating:

---

[1] In particular, Defendant sought to suppress or strike certified official records of tax assessments against Defendant for the years 1992, 1993, and 1994. (Def.'s Mot. for Summ. J., Ex. A–C.) He also sought to suppress or strike a certified liability assessment showing the total amount owed for 1992–1994. (Def.'s Mot. for Summ. J., Ex. D.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08–2740 PA (CWx) | Date | October 9, 2008 |
|---|---|---|---|
| Title | United States of America v. Peymon Mottahedeh | | |

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

In the Motion, Defendant argues that "[t]he Court would have done well to examine Rule 26(f)(1) more carefully." (Def.'s Mot. 2.) Defendant argues that Rule 26(f)(1) requires that the parties confer regarding a case schedule and discovery plan "as soon as practicable." Here, Defendant argues, no such conference took place. Defendant also argues that the Government had in its possession the evidence used in support of its summary judgment motion before it filed that motion, yet did not disclose that evidence. In so doing, Defendant argues, the Government violated Rule 26(a)(1)(E), which requires that initial disclosures be made based on information "then reasonably available to [the party making disclosures]." (Def.'s Mot. 2–3.) Finally, Defendant argues that the Government did an "end run" around Rule 16 by filing a motion for summary judgment before the Court had an opportunity to issue a scheduling order, thus avoiding its obligation to make initial disclosures. (Def.'s Mot. 3–4.)

Defendant's Motion fails in a number of respects. First, Defendant has failed to meet the standard for a motion for reconsideration. He has shown no new material facts not previously available, and has not shown a change in controlling law. See L.R. 7-18. Defendant also has not shown that the Court committed clear error or failed to consider the material facts presented to it. Id.; 389 Orange St. Partners, 179 F.3d at 665.

Second, Defendant's arguments boil down to a single premise: that the Government did not disclose some of the evidence used in its motion for summary judgment prior to filing the summary judgment motion, and that evidence should therefore be excluded. Defendant made the same argument in its motion to suppress, citing slightly different Rules. The Court rejected this argument because the Government was under no obligation to make initial disclosures prior to filing its motion for summary judgment because no 26(f) scheduling conference had been held, or even scheduled. See Fed. R. Civ. P. 26(a)(1)(C) (disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order[.]"). Thus, Defendant's Motion presents the same argument that was presented in his motion to suppress, in violation of Local Rule 7-18.

Finally, even if the Court were to consider Defendant's arguments, those arguments fail on the merits. The Rules that Defendant cites in the Motion, Rules 26(f)(1) and 26(a)(1)(E), do not govern

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2740 PA (CWx) | Date | October 9, 2008 |
|---|---|---|---|
| Title | United States of America v. Peymon Mottahedeh | | |

when initial disclosures must be made, and are therefore irrelevant.[2] Defendant's argument that the Government did an "end run" around Rule 16 by filing its motion for summary judgment before the Court could set a scheduling conference and trigger the Government's requirement to provide initial disclosures also fails. Nothing in the Federal Rules of Civil Procedure prohibit a party from filing a motion for summary judgment before a scheduling conference is set. The only rule governing the timing of initial disclosures is Rule 26(a)(1)(C), and the Government did not violate this Rule. Moreover, because the Court also granted Defendant an extension of time to file an opposition to the Government's motion for summary judgment (See Aug. 22, 2008 Order), Defendant had time to review and respond to the Government's evidence. Therefore, the Government's failure to disclose the evidence earlier, even if there existed an obligation to do so, was harmless.

For the foregoing reasons, Defendant's motion is denied.

IT IS SO ORDERED.

                                                                                          :
                                                    Initials of Preparer   _____

---

[2] Rule 26(f)(1) governs the time frame in which the parties must meet and confer in advance of a scheduling conference, or when a scheduling order is due, in order to discuss the parties' positions, make or arrange for disclosures, and formulate a discovery plan. The rule does not govern when or in what form disclosures must be made. Likewise, Rule 26(a)(1)(E) states only that a party is not excused from making initial disclosures due to lack of information. Rule 26(a)(1)(E) says nothing about when disclosures must be made.